Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3004 | DATE | 6/10/2003 |
| CASE TITLE | Robert Salerno vs. Joseph DiLeonardi etc. et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss is granted. Status hearing set for June 11, 2003 at 9:15am. is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 1 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 JUN 10 PM 2:29 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| ROBERT SALERNO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOSEPH DI LEONARDI, United States Marshal)<br>for the Northern District of Illinois, et al., )<br>)<br>Defendants. ) | No. 02 C 3004 |

# MEMORANDUM OPINION AND ORDER

Plaintiff Robert Salerno brings this action against defendants, agents of the federal government, alleging violations of his constitutional rights leading to his conviction for murder and conspiracy to commit murder. Defendants filed a motion to dismiss or, alternatively, for summary judgment. For the following reasons, defendants' motion to dismiss is granted.

## BACKGROUND

Following a mistrial in 1992, plaintiff was convicted in 1995 of murder and conspiracy to commit murder and sentenced to life in prison. He alleges that prior to the trial defendant Timothy Mindock, and other unknown defendants, acted together to illegally tape conversations between Salerno and his co-defendants and their attorneys at the Metropolitan Correctional Center. He further claims that defendant Joseph DiLeonardi and others held an *ex parte* meeting with the trial judge, at which time they informed her of a death threat made against her by one of Salerno's co-defendants. He contends that these violations of his rights improperly led to his conviction.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss or strike a pleading we must assume the truth of all well-pleaded allegations, making all inferences in the non-movant's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

A convicted criminal may not bring a suit challenging the validity of a conviction without first having the conviction set aside. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). This applies to federal prisoners filing Bivens actions as well as state prisoners. Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997) (holding that Heck analysis applies to Bivens actions). Plaintiff's claims expressly challenge the validity of his criminal convictions. He claims that defendants violated his constitutional rights and that these violations led to an improper conviction. His conviction has not however been set aside by any court. Plaintiff is therefore barred from using this civil action to launch a collateral attack on the conviction.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 10, 2003.